# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **3D DELIVERY SERVICE, LLC,** | ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **SEKO WORLDWIDE, LLC,** | ) **CIVIL ACTION NO.** |
| **Defendant.** | ) **19-CV-0050** ) |
| | ) ) |

## DEFENDANT SEKO WORLDWIDE, LLC'S
## ANSWER AND COUNTERCLAIM

### ANSWER

Defendant SEKO Worldwide, LLC ("SEKO" or "Defendant") answers Plaintiff 3D Delivery Service, LLC's ("3D") Complaint, stating as follows:

1. Admitted, upon information and belief.

2. Admitted.

3. SEKO admits only that venue is proper in the United States District Court for the Southern District of Alabama, Southern Division.

4. SEKO admits only that it entered into an agreement with 3D (the "Contract"), whereby 3D would perform "last-mile delivery" and storage services concerning items and property related to an agreement between SEKO and The Army & Air Force Exchange Service ("AAFES"). The Contract speaks for itself and is the best evidence of the duties, terms, conditions, and limitations. SEKO

denies any allegations contrary to the Contract itself and demands strict proof thereof.

5. SEKO admits that it entered into a separate contract with AAFES. That contract speaks for itself and is the best evidence of the duties, terms, conditions, and limitations. SEKO admits that the Contract with 3D was related to the contract with AAFES. SEKO denies any remaining allegations contained in Paragraph 5 of the Complaint and demands strict proof thereof.

6. SEKO admits that it paid 3D for deliveries under the Contract, but denies that 3D fulfilled its obligations under the Contract. SEKO denies any remaining allegations contained in Paragraph 6 of the Complaint and demands strict proof thereof.

7. Denied.

## **COUNT I – BREACH OF CONTRACT**

8. SEKO incorporates and adopts its answer to all preceding paragraphs as if set forth fully herein.

9. Denied.

10. Denied.

11. Denied.

**Wherefore clause:** SEKO denies 3D is entitled to judgment against SEKO or that 3D is entitled to damages or any other form of relief and specifically contests all damages sought by 3D.

## COUNT II – UNJUST ENRICHMENT

12. SEKO incorporates and adopts its answer to all preceding paragraphs as if set forth fully herein.

13. Denied.

14. Denied.

15. Denied.

**Wherefore clause:** SEKO denies 3D is entitled to judgment against SEKO or that 3D is entitled to damages or any other form of relief and specifically contests all damages sought by 3D.

## COUNT III – INTENTIONAL TRESPASS

16. SEKO incorporates and adopts its answer to all preceding paragraphs as if set forth fully herein.

17. Denied.

18. Denied.

19. Denied.

**Wherefore clause:** SEKO denies 3D is entitled to judgment against SEKO or that 3D is entitled to damages or any other form of relief and specifically contests all damages sought by 3D.

## COUNT IV – DECLARATORY RELIEF

20. SEKO incorporates and adopts its answer to all preceding paragraphs as if set forth fully herein.

21. Denied.

**Wherefore clause:** SEKO denies 3D is entitled to judgment against SEKO or that 3D is entitled to damages or any other form of relief and specifically contests all damages sought by 3D.

## GENERAL DENIAL

Except as expressly admitted in this Answer, SEKO denies all allegations of 3D's Complaint, denies that 3D is entitled to any relief or recovery whatsoever from SEKO, and demands strict proof of all allegations and claims.

## AFFIRMATIVE DEFENSES

SEKO, pleading in the affirmative and without prejudice to its other pleadings, states the following additional defenses. By asserting these defenses, SEKO does not assume any burden of proof not otherwise legally assigned to it.

SEKO reserves the right to rely upon any of the following defenses or any additional defenses to the claims asserted by 3D, to the extent that such defenses are supported by information developed through discovery or by evidence at trial.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

SEKO affirmatively denies that it has breached the Contract as alleged and demands strict proof thereof.

### THIRD AFFIRMATIVE DEFENSE

There is no causal relationship between the injuries allegedly sustained by 3D and SEKO's conduct.

### FOURTH AFFIRMATIVE DEFENSE

SEKO affirmatively avers that it is not estopped from asserting any conditions precedent, conditions subsequent, exclusions or limitations as affirmative defenses to 3D's claims and affirmatively avers it has not waived any conditions precedent, conditions subsequent, exclusions or limitations as affirmative defenses to 3D's claims.

### FIFTH AFFIRMATIVE DEFENSE

SEKO affirmatively pleads all conditions precedent, conditions subsequent, exclusions, and limitations set forth in the Contract in defense to the 3D's claims.

**SIXTH AFFIRMATIVE DEFENSE**

The acts or omissions of third parties over whom SEKO had no control, whose acts or omissions SEKO had no reason to anticipate, and for whom SEKO is not liable, proximately caused or contributed to the damages, injuries, and losses, if any, sustained by 3D.  These acts or omissions of third parties constitute efficient, intervening causes of 3D's damages, injuries, and losses, if any, and supersede any alleged wrongful act or omission on the part of SEKO.

**SEVENTH AFFIRMATIVE DEFENSE**

SEKO pleads a failure to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**

All of 3D's claims may be barred by the applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

With respect to 3D's demand for punitive damages, SEKO specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards including, but not limited to, those standards of limitation that arose in BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007).

## TENTH AFFIRMATIVE DEFENSE

3D's claims are barred by the doctrine of laches due to 3D's unreasonable delay in bringing the claims contained in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

3D's claims for punitive damages are barred by § 6-11-27 of the Alabama Code.

## TWELFTH AFFIRMATIVE DEFENSE

SEKO affirmatively pleads the protections afforded it by § 6-11-21 of the Alabama Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

3D failed to allow SEKO a reasonable opportunity to cure any alleged breach.

## FOURTEENTH AFFIRMATIVE DEFENSE

SEKO denies that 3D was injured to the nature and extent claimed and contests damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

3D's claims are barred by the doctrines of waiver and/or estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

3D's claims are barred by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

3D's claims are barred by the doctrines of accord and satisfaction, payment, set-off, and recoupment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

3D's claims are barred by consent.

## NINETEENTH AFFIRMATIVE DEFENSE

3D's claims are barred by its failure to comply with the applicable agreements.

## TWENTIETH AFFIRMATIVE DEFENSE

3D's claims are barred by fraud.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

SEKO reserves the right to amend this Answer and assert any additional defenses and/or additional claims that may be discovered during the course of discovery.

# COUNTERCLAIM

## Parties

1.      Counterclaim Plaintiff SEKO is a Delaware limited liability company, with its principal place of business in Illinois.  SEKO's members and/or the members of the limited liability companies that own SEKO are citizens of Illinois, Kentucky, New York, Georgia, Connecticut, Tennessee, Idaho, Maryland, Pennsylvania, Ohio, North Carolina, Michigan, New Jersey, Indiana, Nevada, Florida, Wisconsin, Montana, Virginia, Oregon, Arizona, Rhode Island, California, Utah, Oklahoma, and England.  None of SEKO's members or the members of the limited liability companies that own SEKO is a citizen of Alabama.

2.      Counterclaim Defendant 3D is an Alabama limited liability corporation doing business within Baldwin County, Alabama.  Upon information and belief, all of 3D's members are citizens of Alabama.

## Jurisdiction and Venue

3.      This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2) because 3D resides in this judicial district and a substantial part of the events giving rise to this claim occurred in this judicial district.

## Facts

5. SEKO contracted with 3D for 3D to provide certain warehousing, storage, and last-mile delivery services related to an agreement between SEKO and AAFES.

6. 3D represented to SEKO that it delivered certain shipments under the Contract, providing clean Proof of Delivery to SEKO. As a result, SEKO paid transportation and delivery fees to 3D. However, 3D did not, in fact, deliver many of those shipments.

7. As a result, SEKO had to pay claims or otherwise cover losses incurred by SEKO's clients for missing or delayed shipments.

8. 3D has also invoiced SEKO for shipments that were not related to work 3D was performing for SEKO, causing SEKO to incur unnecessary expenses.

9. In August of 2017, SEKO terminated its agreement with 3D due to service failures, consistent issues with integrity of deliveries, and deficiencies in documentation and account management.

## Claim No. 1: Breach of Contract

10. SEKO reasserts all previous statements in this Counterclaim.

11. The Contract, as described above, existed between SEKO and 3D.

12. 3D breached that Contract when it lost or otherwise failed to deliver certain shipments for which it was paid.

13. 3D also breached the Contract by charging for services that were not actually performed for SEKO.

14. SEKO has suffered damages arising from 3D's breaches of the Contract.

## Claim No. 2: Fraud

15. SEKO reasserts all previous statements in this Counterclaim.

16. 3D repeatedly misrepresented to SEKO that it delivered certain shipments when, in fact, those shipments were not delivered or were not delivered on behalf of SEKO.

17. SEKO relied on those misrepresentations.

18. SEKO has suffered damages as a proximate cause of its reliance on 3D's fraudulent misrepresentations.

## Claim No. 3: Unjust Enrichment

19. SEKO reasserts all previous statements in this Counterclaim.

20. SEKO has made payments to 3D for work that 3D did not actually perform for SEKO.

21. 3D therefore holds money that in equity and good conscience belongs to SEKO.

## Relief Sought

ACCORDINGLY, SEKO respectfully requests that the Court enter a judgment in SEKO's favor and against 3D awarding SEKO the following relief:

(i)   Compensatory damages,

(ii)  punitive damages,

(iii) pre-judgment interest,

(iv)  post-judgment interest,

(v)   attorneys' fees and costs, and

(vi)  any other relief that the Court deems proper.

Respectfully submitted this the 6th day of February, 2019.

> */s/ Matthew A. Barley*
> Alan D. Mathis (ASB-8922-A59M)
> Matthew A. Barley (ASB-6178-K15F)
> BUTLER SNOW LLP
> One Federal Place, Suite 1000
> 1819 Fifth Avenue North
> Birmingham, Alabama 35203
> Telephone: (205) 297-2200
> Fax: (205) 297-2201
> Email:   **Alan.Mathis@butlersnow.com**
> Email:   **Matt.Barley@butlersnow.com**
>
> *Attorneys for SEKO Worldwide, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by e-file and/or depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Gregory E. Vaughn
**HOUSTON, VAUGHN & ROSENTHAL, LLC**
211 South Cedar Street
Mobile, Alabama  36602

Done this the 6th day of February, 2019.

*/s/ Matthew A. Barley*
Of Counsel

45940595.v2