# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| 3D DELIVERY SERVICE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 19-00050-KD-N |
| | ) |
| SEKO WORLDWIDE, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court the Plaintiff 3D Delivery Service, LLC's Unopposed Motion to Remand and the Defendant Seko Worldwide, LLC's Withdrawal of Removal (docs. 9, 11). Upon consideration and for the reasons set forth herein, the Motion to Remand is GRANTED and this action is remanded to the Circuit Court of Baldwin County, Alabama. Accordingly, the Withdrawal of Removal is MOOT.

Defendant contracted with Plaintiff to perform delivery and storage services for furniture products for active duty and retired members of the military (doc. 1-1). Plaintiff sued Defendant for breach of contract, unjust enrichment, and intentional trespass (doc. 1-1). Plaintiff also sought declaratory relief from the Court (Id.). Defendant removed this action on basis of diversity jurisdiction. 28 U.S.C. § 1332 (Doc. 1).

After removal, the Magistrate Judge ordered Defendant to amend its notice of removal to properly allege citizenship. The Magistrate Judge explained as follows:

> The Notice of Removal alleges that the Defendant is a limited liability company and that "[n]one of SEKO's members are citizens or residents of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases." These allegations are insufficient, as without identification of the LLCs' members and their general natures (e.g., natural persons, corporations, unincorporated entities), the Court cannot determine for itself of what states the

> members are "deemed" citizens. Accordingly, the Defendant must identify all of its members and their general natures, and properly allege their citizenships. . . . The Notice of Removal alleges that the sole member of the Plaintiff, also a limited liability company, is a natural person who was a "resident" of Alabama both at the time the complaint was filed and at the time of removal. (Doc. 1 at 3, ¶ 7). "Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." . . . Accordingly, the Defendant must allege the natural person member's state of citizenship/domicile to establish diversity of citizenship.

(Doc. 7, p. 3-4) (footnotes omitted).

In response to the Order, Defendant filed a withdrawal of removal, wherein Defendant states that its

> ownership structure includes a private equity group. Although no member of that private equity group is a citizen of Alabama, Defendant does not have permission to share the information requested by the Court for purposes of establishing jurisdiction.

(Doc. 9, p. 1-2).

Plaintiff filed its unopposed motion to remand (doc. 11). Plaintiff points out that Defendant did not correct the deficiencies in its notice of removal or allege an alternative basis for subject matter jurisdiction, but instead withdrew its notice of removal. Plaintiffs moves the Court to remand the action to the Circuit Court of Baldwin County, Alabama.

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)). To meet this burden, Defendant must "show, by a preponderance of the evidence, facts supporting jurisdiction", *i.e.* diversity of citizenship. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th

Cir. 1994). For purposes of diversity jurisdiction, a "limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Therefore, to establish diversity jurisdiction, Defendant must show by a preponderance of the evidence that none of the members of the Plaintiff LLC are citizens of any state that a member of the Defendant LLC is a citizen.

By withdrawing its notice of removal and not opposing the motion to remand, Defendant concedes that it could not show by a preponderance of the evidence, facts to support jurisdiction with respect to the citizenship of the members of the LLCs. Since removal infringes upon state sovereignty and implicates concepts of federalism, removal statutes are narrowly construed and any question or uncertainty as to jurisdiction on removal should be resolved in favor of remand. *American Tobacco Co.*, 168 F.3d at 411; *Burns v. Windsor Ins., Co.*, 31 F. 3d 1092, 1095 (11th Cir. 1996); *Russell Corp. v. American Home Assur. Co.*, 264 F. 3d 1040, 1050 (11th Cir. 2001). Accordingly, the Court finds that Defendant has failed to meet its burden to establish diversity jurisdiction. Therefore, this action is remanded to the Circuit Court of Baldwin County, Alabama. The withdrawal of removal is moot.

**DONE** and **ORDERED** this 8th day of March 2019.

 s / Kristi K DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**